IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: PARAGON OFFSHORE PLC, | : | Chapter 11 |
| Debtor. | : | Bankr. Case No. 16-10386 (CSS) |
| MICHAEL HAMMERSLEY, | : | |
| Appellant, | : | Civ. No. 18-258 (GMS) |
| v. | : | |
| PARAGON OFFSHORE PLC, | : | |
| Appellee. | : | |

**MEMORANDUM**

**I.    INTRODUCTION**

This appeal arises from a Bankruptcy Court order (Bankr. D.I. 2068)[1] ("Partial Sanctions Order"), which granted, in part, a motion for sanctions (Bankr. D.I. 2048) against *pro se* appellant Michael Hammersley ("Appellant") in the chapter 11 case of Paragon Offshore PLC ("Appellee"). Pending before this court is Appellee's motion to dismiss (D.I. 8) ("Motion to Dismiss"), which argues that the court lacks jurisdiction to consider this appeal because Appellant failed to file his notice of appeal within the 14-day period prescribed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and because the time to move the Bankruptcy Court for an extension of time under Bankruptcy Rule 8002(d)(1) has also expired. Related to the appeal, Appellant has filed a Motion for Permission to Participate in Electronic Case Filing (D.I. 10) ("Motion for Permission"), which is unopposed. For the reasons set forth below, the Motion to Dismiss is granted, the appeal is dismissed for lack of jurisdiction, and the Motion for Permission is denied as moot.

---

[1] The docket of the chapter 11 cases, captioned *In re Paragon Offshore, PLC*, Case No. 16-10386 (CSS), shall be cited herein as "Bankr. DI. __."

## II. BACKGROUND

Following a hearing on January 30, 2018, the Bankruptcy Court entered the Partial Sanctions Order which determined that Appellant had "violated [Bankruptcy Rule 9011] by repeatedly making duplicative claims that are (a) not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and (b) not supported by allegations and other factual contentions that have evidentiary support." (Bankr. D.I. 2068). The Bankruptcy Court ordered, *inter alia*: "Effective as of the date of this Order, any further documents, whether in the form of a motion, notice, or otherwise, submitted to the Court in these bankruptcy cases by [Appellant] will be docketed but will not be considered nor acted upon by the Court." (*Id.* at 2). Additionally, "Neither the Debtors nor any other party in interest are required to respond to any documents or notices filed or served by [Appellant] in these bankruptcy cases." (*Id.*) On February 14, 2018, Appellant filed his notice of appeal of the Partial Sanctions Order, as reflected by the date-stamped copy docketed by the clerk. (*See* D.I. 1). On February 27, 2018, the court entered an order withdrawing the appeal from mediation, setting a briefing schedule on the Motion to Dismiss, and staying briefing on the merits pending a decision on the Motion to Dismiss. (D.I. 5). No party has requested oral argument, and the Motion to Dismiss is fully briefed. (D.I. 8, 9, 11).

## III. STANDARD OF REVIEW

The court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). Although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this court to hear an appeal from a final order of a bankruptcy court by specifically incorporating the time limits of Bankruptcy Rule 8002 in the jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section 158(c)(2) of Title 28 provides that "an appeal under subsections (a) and (b) of this section

shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 11 U.S.C. § 158. Bankruptcy Rule 8002 provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[2]

The Third Circuit has held on several occasions that the time limits of Bankruptcy Rule 8002 are jurisdictional and deprive an appellate court of subject matter jurisdiction if the appellant fails to comply. *See In re Caterbone*, 640 F.3d 108, 111-12 (3d Cir. 2011) (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *Whitemere Dev. Corp. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3d Cir. 1985)). In *Caterbone*, the court stated:

> Because Section 158 . . . specifies the time within which an appeal must be taken — i.e., 'in the time provided by Rule 8002' — that requirement is jurisdictional. . . . Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

*Caterbone*, 640 F.3d at 112-13; *see also Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'")(quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)).

### IV. DISCUSSION

It is undisputed between the parties that the Partial Sanctions Order was entered by the Bankruptcy Court on January 30, 2018. It is further undisputed that Appellant filed his notice of appeal from the Partial Sanctions Order on February 14, 2018. (*See* D.I. 1). In deciding the Motion

---

[2] Neither subdivision (b) or (c) is relevant here. Subsection (b)(1) provides "If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion" and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment; (C) for a new trial; (D) for relief from judgment. Fed. R. Bankr. P. 8002(b)(1). Subdivision (c) refers to rules for claimants who are incarcerated. Fed. R. Bankr. P. 8002(c).

3

to Dismiss, the sole issue before the court is whether February 14, 2018 falls outside of the 14-day period as calculated under the Bankruptcy Rules.

Appellant argues that Bankruptcy Rule 9006(a)(1) governs the computation of the 14-day and requires the court to "exclude the day of the event that triggers the period" – *i.e.*, January 30, 2018, or the day the Partial Sanctions Order was entered. (D.I. 9 at 1-2). Appellant argues: "This would mean that the triggering event of January 30, 2018 would be excluded and the 14-day period begins on January 31, 2018." (*Id.* at 2). According to Appellant, "Appellee mistakenly believes that the triggering date starts the 14-day period when in fact it is the day after the triggering event." (*Id.* at 8).[3]

The court agrees that, in accordance with Bankruptcy Rule 9006, the day of the triggering event – entry of the Partial Sanctions Order on January 30 – is excluded for calculating the 14-day deadline. However, as Appellee correctly argues, the 14-day period beginning on January 31 expired on February 13 – not February 14, as Appellant asserts. (*See* D.I. 11 at 3). Here, the notice of appeal was filed on February 14 – after the expiration of the 14-day period provided by Bankruptcy Rule 8002(a), and it is therefore untimely. *Universal Minerals,* 755 F.2d at 312 ("Failure to file a timely notice of appeal . . . deprives the district court of jurisdiction to review the bankruptcy court's order or judgment"); *In re Residential Capital, LLC*, 519 B.R. 606, 610 (S.D.N.Y. 2014)("Compliance with Rule 8002(a) is jurisdictional, and in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, even in the case of a *pro se* litigant"; holding that a notice of appeal filed one day late by *pro se* litigant was untimely and the appeal must be dismissed for lack of jurisdiction) (internal quotation marks omitted).

---

[3] The remainder of Appellant's opposition to the Motion to Dismiss addresses the merits of the appeal, which the court does not address.

4

Moreover, no motion for relief or showing of excusable neglect was made within the 21-day time period set forth in Bankruptcy Rule 8002(d)(1)(B), which expired on March 6, 2018, and "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *Caterbone,* 640 F.3d at 114 (quoting *S'holders,* 109 F.3d at 879 (internal citations omitted)); *see also In re Rivera,* 580 B.R. 432, 437 (Bankr. E.D. Pa. 2017) (stating "The Third Circuit has made clear that a late notice of appeal alone shall not be construed as a motion to extend the time to file an appeal, even for *pro se* litigants"; and finding that appeal filed three days late deprived the district court of jurisdiction).

## V. CONCLUSION

Because Appellant's notice of appeal was not timely filed, and because his time to move the Bankruptcy Court for an extension of time has also expired, this court is without jurisdiction to hear his appeal. The court must dismiss the appeal for lack of appellate jurisdiction pursuant to 28 U.S.C. § 158 and Bankruptcy Rule 8002(a). Accordingly, the Motion to Dismiss is granted and the Motion for Permission is denied as moot. A separate order shall issue.

April 24, 2018

UNITED STATES DISTRICT JUDGE